UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF DEARBORN HEIGHTS ACT 345 POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., et al.,<br><br>Defendants. | Case No.: 12-CV-06039-LHK<br><br>ORDER GRANTING RETIREMENT SYSTEMS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL |

Before the Court is Plaintiff's unopposed motion for appointment as lead plaintiff and approval of selection of counsel. ECF No. 10. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument, and GRANTS Plaintiff's unopposed motion for the reasons set forth herein. Accordingly, the hearing on the motion set for May 30, 2013, is VACATED. The Case Management Conference scheduled for that day is CONTINUED to November 21, 2013 at 1:30 p.m.

**I.  Background**

Defendant Align Technology, Inc. ("Align") designs, manufactures, and markets Invisalign, a proprietary method for treating malocclusion, or the misalignment of teeth, using a series of clear, removable appliances that gently and incrementally move teeth to a desired position. ECF No. 1 ("Compl.") ¶ 3. In the complaint, Plaintiff alleges that Defendants disseminated materially false and misleading statements and concealed material adverse facts regarding Align's financial condition and growth prospects. *Id.* ¶ 2. The complaint alleges that, as a result, Align's stock

1

Case No.: 12-CV-06039-LHK
ORDER GRANTING RETIREMENT SYSTEMS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

traded at artificially inflated prices between April 23, 2012 and October 17, 2012 (the "Class Period"), reaching a high of $39.17 per share on September 13, 2012. *Id.* ¶ 6. According to the complaint, during the Class Period, Align insiders sold 1,546,446 shares of Align stock at prices as high as $35.83 per share for illegal insider trading proceeds of more than $52 million. *Id.* ¶ 7. On October 17, 2012, Align disclosed that as a result of the termination of its distribution agreement with its exclusive distribution partner in Europe, Align would review its goodwill and possibly take a substantial impairment charge. *Id.* ¶ 9. On the same day, Align issued a press release reporting third quarter 2012 financial results significantly below Wall Street analysts' revenue and earnings expectations. *Id.* ¶ 10. Align's stock dropped from a close of $35.41 per share on October 17, 2012 to a close of $28.18 per share on October 18, 2012. *Id.* ¶ 11. Plaintiff claims to have purchased Align stock during the Class Period. *See* ECF No. 11, Declaration of Tricia L. McCormick ("McCormick Decl."), Ex. B ("Certification of Named Plaintiff").

Based on these allegations, Plaintiff City of Dearborn Heights Act 345 Police and Fire Retirement System (the "Retirement System") brings two causes of action against Align, Align's Chief Executive Officer ("CEO") Thomas M. Prescott, and Align's Chief Financial Officer ("CFO") Kenneth B. Arola, on behalf of the Retirement System and all other purchasers of Align common stock during the Class Period. First, the Retirement System claims that all Defendants violated § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated pursuant to § 10(b) of the Securities Exchange Act. *Id.* ¶¶ 48-52. Second, the Retirement System claims that all Defendants violated Section § 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a). *Id.* ¶¶ 53-54.

On January 28, 2012, the Retirement System moved the Court to be appointed as lead plaintiff, and for approval of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class. ECF No. 10 ("Mot."). No other plaintiffs have sought to be named lead plaintiff, and no other law firms have sought to be named lead counsel. Having considered the motion, and for good cause shown, the Court GRANTS the motion.

## II. Legal Standard

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, governs the selection of a lead plaintiff in private securities class actions. In the PSLRA's own words, this plaintiff is to be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). Under the PSLRA, a three-step process determines the lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u–4(a)(3)(A)(i)(I).[1] This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).[2]

Second, the court must select the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). In order to determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730 (footnote omitted). Once the district court identifies the plaintiff with the most to gain, the district court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If he does, that plaintiff becomes the presumptive lead plaintiff. *Id.* If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. *Id.* The court repeats this process until it selects a presumptive lead plaintiff. *Id.*

Third, those plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)). This is done by showing that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or

---

[1] This publication is to be made "[n]o later than 20 days after the date on which the complaint is filed." 15 U.S.C. § 78u–4(a) (3)(A)(i).
[2] Those who wish to move the court for appointment as lead plaintiff must do so "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

"is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B) (iii)(II)(aa)-(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.* (citation and footnote omitted).

Under the PLSRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

### III. Analysis

In conformity with the procedure established by the PSLRA and the Ninth Circuit in *In re Cavanaugh*, the Court will decide whether the Retirement System should serve as lead plaintiff and Robbins Geller should serve as lead counsel in the instant action.

#### A. Procedural Requirements

On November 28, 2012, the same day as the filing of the complaint, the Retirement System's counsel published a notice in Business Wire. *See* McCormick Decl., Ex. A. This notice was timely because it was published within 20 days after the filing of the complaint, and it listed the claims, the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* 15 U.S.C. § 78u–4(a)(3)(A). The Retirement System then filed the instant motion within the statutory period specified in 15 U.S.C. § 78u–4(a)(3)(A).[3] The Retirement System has therefore met the statutory procedural requirements.

---

[3] Sixty days from November 28, 2012 was Sunday, January 27, 2013, the Retirement System timely filed this Motion on Monday, January 28, 2013. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that "if the last day [of a statutory time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday.").

4
Case No.: 12-CV-06039-LHK
ORDER GRANTING RETIREMENT SYSTEMS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

### B. Financial Interest

The PSLRA provides that, after notice of the class action has been given, a "court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The most capable plaintiff is generally the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23. *In re Cavenaugh*, 306 F.3d at 729. The Retirement System has submitted a declaration establishing that during the Class Period it made nine separate securities acquisitions, acquiring a total of 6,454 securities that are the subject of this action. Certification of Named Plaintiff. The purchase prices of these transactions ranged from a low price of $29.66 on May 18, 2012, to a high price of $32.53 on July 20, 2012. *See id.* Because the time to file a motion to be appointed lead plaintiff expired on January 28, 2013, the Retirement System was the only party to make a motion for appointment as lead plaintiff, and this motion is unopposed, the Retirement System is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See* Mot. at 4, Defendants' Notice of Non-Opposition ("Non-Opposition"), ECF No. 16, at 1. *See also Krieger v. Atheros Commc'ns, Inc.*, 11-CV-00640-LHK, 2011 WL 6153154 (N.D. Cal. Dec. 12, 2011) (quoting *Bassin v. Decode Genetics, Inc.,* 230 F.R.D. 313, 316 (S.D.N.Y. 2005)) ("Without access to financial information from other parties, the Court is constrained to conclude that the [proposed named plaintiff's] alleged loss best qualifies it to serve as lead plaintiff.").

### C. Rule 23

The Retirement System has also made a sufficient showing to establish that it satisfies the requirements of Rule 23(a), particularly typicality and adequacy. *See In re Cavenaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."). This showing need not be as thorough as what would be required on a class certification motion. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

In determining whether typicality is satisfied, a Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation and quotation marks omitted); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012). In this case, like all other members of the purported class, the Retirement System purchased Align common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged suffered damages as a result. The Retirement System's claims appear to be typical, if not identical, to the claims of other members of the putative class. *See* Mot. at 5; Non-Opposition at 1.

The test for adequacy asks whether the class representative and his counsel "have any conflicts of interest with other class members" and whether the class representative and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is no indication of conflicts between the Retirement System and other class members, nor is there evidence that the Retirement System is subject to any unique defenses. *See* Mot. at 5; Non-Opposition at 1. Accordingly, the Court finds that, for purposes of lead plaintiff appointment, the Retirement System has made a showing satisfying the adequacy requirements of Rule 23.

### D. Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The decision of lead counsel belongs to the lead plaintiff. *In re Cavanaugh*, 306 F.3d at 734 n.14. The Retirement System has chosen the law firm of Robbins Geller. The Court has reviewed the firm's resume, McCormick Decl., Ex. C, and is satisfied that the lead plaintiff has made a reasonable choice of counsel. Accordingly, the Court defers to the Retirement System's choice in counsel.

## IV. CONCLUSION

For the reasons stated above, the Court appoints the Retirement System as the lead plaintiff in this action and approves the Retirement System's selection of Robbins Geller as lead counsel.

**IT IS SO ORDERED.**

Dated: May 29, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge