ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS (213113)
CHRISTOPHER M. WOOD (254908)
SUNNY S. SARKIS (258073)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
cwood@rgrdlaw.com
ssarkis@rgrdlaw.com

Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF DEARBORN HEIGHTS ACT 345 POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC., et al.,<br><br>Defendants. | No. 3:12-cv-06039-WHO<br><br><u>CLASS ACTION</u><br><br>JOINT CASE MANAGEMENT STATEMENT AND ORDER<br><br>DATE:<br>TIME:<br>COURTROOM: The Honorable William H. Orrick |

Pursuant to the Court's June 27, 2013 Reassignment Order and Order Requiring Submission of Case Management Statement, Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Lead plaintiff City of Dearborn Heights Act 345 Police & Fire Retirement System ("plaintiff" or "Dearborn Heights") and defendants Align Technology, Inc. ("Align" or the "Company"), Thomas M. Prescott ("Prescott") and Kenneth B. Arola ("Arola") (collectively, "defendants") hereby submit this Joint Case Management Statement and [Proposed] Order.

## I. JURISDICTION AND SERVICE

Based on the allegations set forth in the Amended Complaint for Violations of the Federal Securities Laws (Dkt. No. 27) (the "Complaint"), this Court has jurisdiction of this matter under 28 U.S.C. §1331.  No issues exist regarding personal jurisdiction or venue.  No parties remain to be served.

## II.    FACTS

### 1. Brief Description of the Events Underlying the Action

This is a purported securities fraud class action on behalf of all persons who purchased the publicly traded securities of Align between January 31, 2012 and October 17, 2012, inclusive (the "Class Period") against Align and its Chief Executive Officer, Prescott, and former Chief Financial Officer, Arola, for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  ¶¶1, 15.[1]

Align engages in the design, manufacturing and marketing of Invisalign, a proprietary method for treating malocclusion, or the misalignment of teeth, using a series of clear, removable appliances that gently and incrementally move teeth to a desired final position.  ¶2.  On April 29, 2011, a year before the Class Period began, Align acquired Cadent Holdings, Inc. ("Cadent"), a provider of 3D digital scanning solutions for orthodontics and dentistry.  ¶¶2-3.

---

[1]   Unless otherwise noted, all paragraph ("¶") references are to the Complaint.

The Complaint alleges that defendants violated federal securities laws by: (1) overstating the Company's reported income and earnings due to Align's failure to timely record an impairment of goodwill in connection with the April 2011 Cadent acquisition, in violation of Generally Accepted Accounting Principles and Statement of Financial Accounting Standards ("SFAS") No. 142; (2) failing to disclose that negotiations with the Company's exclusive distributor, Straumann Group ("Straumann"), had failed or had been failing, and the goodwill associated with the acquisition of Cadent had been materially impaired; and (3) failing to disclose that the Company's sales and current sales trends could not support Align's third quarter and fiscal year 2012 financial forecasts. ¶¶11, 13.

The Complaint alleges that Align's true financial condition began to be disclosed when, on October 17, 2012, Align issued a press release announcing that the distribution agreement between Align and its key distribution partner, Straumann, would be terminated. ¶64. On July 19, 2012, the Company provided a revenue guidance range of $136.8 to $140.8 million for Align's third quarter of fiscal year 2012. ¶¶57-58. On October 17, 2012, Align issued a press release announcing its third quarter 2012 financial results, which plaintiff alleges missed Wall Street analysts' revenue and earnings expectations. ¶65. The Company reported revenue of $136.5 million, and announced a 16% decline (year-over-year) in scanner sales. *Id*. The Complaint alleges that when Align announced this news, the Company's stock price declined 20%, from $35.41 on October 17, 2012, to $28.18 on October 18, 2012. ¶67.

**2. Factual Issues in Dispute**

The principal factual issues which the parties currently dispute include (but are not limited to): (1) whether defendants made statements which were false or misleading when made; (2) whether defendants acted intentionally or with deliberate recklessness with respect to the alleged false and misleading statements set forth in the Complaint; and (3) whether defendants were in possession of adverse, material, non-public information about Align at the time they sold Align's shares identified in the Complaint. ¶¶48, 62-63.

## III. LEGAL ISSUES

The principal legal issues include (but are not limited to):

      (a) Whether defendants violated §§10(b) and 20(a) of the Exchange Act or Rule 10b-5 promulgated thereunder. *See* 15 U.S.C. §§78j(b), 78t(a) and 17 C.F.R. §240.10b-5; and

(b) Whether the action may be certified as a class action. *See* Fed. R. Civ. P. 23(a) & (b)(3).

**IV. MOTIONS**

On January 28, 2013, plaintiff filed a motion to be appointed lead plaintiff and to have its counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), appointed lead counsel. Dkt. No. 10. On May 29, 2013, the Court granted plaintiff's unopposed motion and appointed Dearborn Heights as lead plaintiff and Robbins Geller as lead counsel. Dkt. No. 25. In the same Order, the Court continued the Case Management Conference from May 30, 2013 to November 21, 2013 at 1:30 p.m. *Id.*

On May 29, 2013, the Court also issued an Order Setting Preliminary Case Schedule. Dkt. No. 26. This Order set the following deadlines and briefing schedule: (1) plaintiff's amended complaint to be filed by July 11, 2013; (2) defendants' motion to dismiss to be filed by August 22, 2013; (3) plaintiff's opposition to the motion to dismiss to be filed by October 3, 2013; and (4) defendants' reply to be filed by October 31, 2013. The Court set the motion to dismiss for hearing on November 21, 2013, at 1:30 p.m. *Id.*

On June 27, 2013, this action was reassigned to the Honorable William H. Orrick. Subject to this Court's approval, the parties believe that the foregoing deadlines and briefing schedule should remain in place.

**V. AMENDMENT OF PLEADINGS**

Pursuant to the Order Setting Preliminary Case Schedule, plaintiff filed its amended complaint on July 11, 2013. Dkt. No. 27.

**VI. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the action. Although discovery in this action is currently stayed under the Private Securities Litigation Reform

Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, the parties are aware of, and assert that they have complied with, their duties to preserve evidence.

**VII. DISCLOSURES**

Because this case is governed by the PSLRA, and discovery in this action is currently stayed pursuant to 15 U.S.C. §78u-4, the parties have not yet exchanged initial disclosures.

**VIII. DISCOVERY**

Because discovery in this action is currently stayed pursuant to the PSLRA, the parties believe it is premature to discuss matters relating to discovery.

**IX. CLASS ACTION**

Plaintiff intends to file a motion for class certification as soon as is practicable if a complaint is sustained after a reasonable opportunity for discovery. Plaintiff believes a class action is suitable for the following reasons:

(a) This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(3);

(b) The action is brought on behalf of a class consisting of all persons or entities who acquired Align common stock between January 31, 2012 and October 17, 2012 (the "Class"). Excluded from the Class are defendants and their family members, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest;

(c) The members of the Class are so numerous that joinder of all members is impracticable. Align has over 69 million shares of stock outstanding, owned by hundreds if not thousands of persons;

(d) There are questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members, including:

(i) Whether the Exchange Act was violated by defendants;

(ii) Whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the finances, business, operations and management of Align;

     (iii) Whether statements made by defendants omitted material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading;

     (iv) Whether the price of Align stock was artificially inflated; and

     (v) To what extent the members of the Class have sustained damages and the proper measure of damages.

  (e) Plaintiff's claims are typical of those of the Class because plaintiff and the Class sustained damages from defendants' wrongful conduct;

  (f) Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interest which conflict with those of the Class;

  (g) A class action will achieve economies of time, effort and expense and provide uniformity of decision to the similarly situated members of the Class without sacrificing procedural fairness or bringing about other undesirable results. Class members have not indicated an interest in prosecuting separate actions as none have been filed. The number of Class members and the relatively small amounts at stake for individual Class members make separate suits impracticable. No difficulties are likely to be encountered in the management of this action as a class action; and

  (h) In addition, a class is superior to other methods of fairly and efficiently adjudicating this controversy because the questions of law and fact common to the Class predominate over any questions affecting only individual Class members. Although individual Class members may have suffered disparate damages, the fraudulent scheme alleged and the misrepresentations and omissions causing damages are common to all Class members. Further, there are no individual issues of reliance that could make this action unsuited for treatment as a class action.

  Defendants reserve the right to oppose class certification.

## X. RELATED CASES

  There are no related cases currently pending against the defendants in any United States District Court.

On February 1, 2013, plaintiff Gary Udis filed a shareholder derivative lawsuit against several of Align's current and former officers and directors in the Superior Court of California, County of Santa Clara, styled *Udis v. Prescott, et al.*, Case No. 1-13-CV-240636, which is pending before the Honorable James P. Kleinberg. The allegations in the complaint are similar to those presented in the instant action, but the complaint asserts various state law causes of action, including, *inter alia*, claims for breach of fiduciary duty, unjust enrichment and insider trading. The complaint seeks unspecified damages on behalf of Align, which is named solely as a nominal defendant against whom no recovery is sought.

**XI. RELIEF**

Pursuant to §10(b) of the Exchange Act, plaintiff seeks damages on behalf of itself and the Class for losses incurred as a result of the fraud alleged in the Complaint.

At trial, plaintiff believes that damages should be based on the out-of-pocket measure, as defined in *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335 (9th Cir. 1976) (Sneed, J., concurring). The out-of-pocket measure defines damages as the difference between the inflation at the time of purchase less the inflation at the time of sale, or simply the inflation at the time of purchase if the shares were not sold prior to the end of the Class Period.

Defendants believe that plaintiff is not entitled to any relief.

**XII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

The parties believe ADR is premature at this time.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to assignment of this case to a magistrate for further proceedings.

**XIV. OTHER REFERENCES**

This action is not suitable for binding arbitration or the Judicial Panel on Multidistrict Litigation. The parties do not believe that the assistance of a special master is required at this time.

**XV. NARROWING OF ISSUES**

At this juncture, the parties have no issues that can be narrowed by agreement or motion practice. Once the Court rules on any forthcoming motion to dismiss, in the event the Court does not

dismiss the case, the parties will consider whether there are any issues that can be narrowed by agreement or motion.

**XVI. EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 – Attachment A.

**XVII. SCHEDULING**

Because there is a discovery stay in this action under the PSLRA, the parties believe that it is premature to propose dates for designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference and trial.

**XVIII. TRIAL**

Plaintiff requests a jury trial. At this time, the parties do not have the necessary information to estimate the expected length of the trial in this class action.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the Certifications of Interested Entitles or Persons required by Civil Local Rule 3-16. Dkt. Nos. 2, 8. The parties confirm that the statements in their previously filed Certificates of Interested Entities or Persons are currently accurate.

DATED: July 12, 2013

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
CHRISTOPHER M. WOOD
SUNNY S. SARKIS

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Counsel for Lead Plaintiff

VANOVERBEKE MICHAUD &
TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Attorneys for Plaintiff

DATED: July 12, 2013

WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
DOUGLAS J. CLARK
CAZ HASHEMI
KELLEY M. KINNEY
NICHOLAS R. MILLER

s/ Kelley M. Kinney
Kelley M. Kinney

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650/493-9300
650/493-6811 (fax)

Attorneys for Defendants

I, Christopher M. Wood, am the ECF User whose identification and password are being used to file the Joint Case Management Statement and [Proposed] Order. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Kelley M. Kinney has concurred in this filing.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

* * *

**O R D E R**

Defendants shall file their motion to dismiss on or before August 22, 2013. Plaintiff shall file its opposition to the motion to dismiss on or before October 3, 2013. Defendants shall file their reply on or before October 31, 2013.

IT IS SO ORDERED.

DATED:

THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 12, 2013.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: cwood@rgrdlaw.com